IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| (CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY, ) ) ) **Movant,** ) ) v. ) ) UNITED STATES OF AMERICA, ) ) **Respondent.** ) | Civil Action No.   5:22-00384 Criminal Action No. 5:21-00214 |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[1] and Memorandum in Support (Document No. 68 and 69), filed on September 6, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 71.)

## FACTUAL BACKGROUND

**1.    Criminal No. 5:21-00214:**

On October 27, 2021, Movant was charged in a single count Indictment with Attempted Escape in violation of 18 U.S.C. § 751(a). (Criminal Action No. 5:21-00214, Document No. 2.) On December 13, 2021, Movant filed a Notice of Waiver of Sixth Amendment Right to Counsel. (Id., Document No. 7.) On December 14, 2021, Kristopher Faerber, CJA Panel Attorney, was appointed to represent Movant. (Id., Document No. 8.) Movant's Initial Appearance, Arraignment,

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and Detention Hearing was conducted on December 21, 2021. (Id., Document Nos. 13 – 18.) By Order and Notice entered on January 5, 2022, United States District Judge Frank W. Volk scheduled a hearing for January 14, 2022, to address the issue of Movant's competency to proceed *pro se*. (Id., Document No. 26.) On January 5, 2022, Movant filed a *pro se* Motion requesting the recusal of Judge Volk, Judge Johnston, Judge Tinsley, and the undersigned. (Id., Document No. 24.) By "Clerk's Order" entered on January 14, 2022, the criminal action was reassigned from Judge Volk to United States District Judge Joseph R. Goodwin. (Id., Document No. 27.) On January 26, 2022, Movant, by counsel, filed a Motion for Defendant to Represent Himself. (Id., Document No. 31.) By Order entered on January 31, 2022, Judge Goodwin scheduled a hearing for February 28, 2022, to address Movant's request to represent himself. (Id., Document No. 34.) Also on January 31, 2022, Movant, by counsel, filed a Motion to Enforce the Interstate Agreement on Detainers Act. (Id., Document No. 37.)

On February 2, 2022, Movant filed a *pro se* Petition for Writ of Mandamus with the Fourth Circuit Court of Appeals. (Id., Document Nos. 38 – 40.) On February 18, 2022, Movant filed an Amended Petition for Writ of Mandamus with the Fourth Circuit. (Id., Document Nos. 45 – 46.) By Order entered on February 24, 2022, Judge Goodwin rescheduled the hearing on Movant's Motion to Represent Himself to April 4, 2022. (Id., Document No. 47.) By Per Curiam Opinion and Judgment Order entered on March 9, 2022, the Fourth Circuit denied Movant's Petitions for Writ of Mandamus. (Id., Document Nos. 50 and 51.) On March 21, 2022, Movant filed *pro se* Objections to Delays in Proceedings and Motion for Change of Co-Counsel and Hearing. (Id., Document Nos. 55 and 56.) On March 23, 2022, the United States filed a Notice of Dismissal Without Prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedural. (Id., Document No. 57.) By Order entered the same day, Judge Goodwin granted the United States

2

leave of the Court for the filing of dismissal without prejudice of the Indictment against Movant. (Id., Document No. 58.)

On April 6, 2022, Movant, by counsel, filed a Notice of Intent to Appeal. (Id., Document No. 60.) On April 8, 2022, Movant filed his *pro se* Notice of Appeal. (Id., Document No. 64.) In his Notice of Appeal, Movant indicated that he wished to challenge of the dismissal of the Indictment without prejudice. (Id.) By Per Curiam Opinion and Judgment Order entered on July 17, 2022, the Fourth Circuit dismissed Movant's appeal for lack of jurisdiction. (Id., Document Nos. 73 and 74.)

**2.    Section 2255 Motion:**

On September 6, 2022, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:22-00384, Document Nos. 68 and 69.) As grounds for *habeas* relief, Movant asserts that his appointed counsel was ineffective based on the following: (1) Failing to object and seek dismissal of the Indictment with prejudice;[2] (2) "Failing to address [Movant's]

---

[2] Rule 48 of the Federal Rules of Criminal Procedure governs the dismissal of indictments. Fed. R. Civ. P. 48. Specifically, Rule 48 provides, in pertinent part, as follows:
> (a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.
> (b) By the Court. The court may dismiss, the indictment, information, or complaint if unnecessary delay occurs in:
>> (1) presenting a charge to the grand jury;
>> (2) filing an information against a defendant; or
>> (3) bringing a defendant to trial.

Fed. R. Civ. P. 48. In the instant case, the United States moved to dismiss the Indictment without prejudice pursuant to Rule 48(a). It is well recognized that a Court's discretion to deny such a motion "is not broad." *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000). Specifically, "the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Id.*(citations omitted). In the underlying criminal proceedings, the record is void of any indication that the United States' Notice of Dismissal filed pursuant to Rule 48(a) was made in bad faith. *See United States v. East Mental Health, LLC*, 2018 WL 5928059, * 3 (W.D.Va. Nov. 13, 2018)("Since the government filed a Rule 48(a) motion and there is no suggestion of bad faith, the court 'must grant' that motion and dismiss indictment without prejudice.") To the extent Movant may be arguing that the District

illegal detention;" (3) "Failing to assist [Movant] in obtaining an appeal attorney or to forward [Movant] his files and records;" and (4) "Allowing FBOP staff to impede confidentialities and court access." (Id.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that his "sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to 36859, * 2 (E.D.Va. Jan. 4, 2006).

It is clear that this District Court lacks jurisdiction to consider Movant's Section 2255

---

Court should have dismissed the Indictment with prejudice pursuant to Rule 48(b), such a claim is without merit. There is no allegation of delay concerning the presenting of the charge to the grand jury or the filing of an information against Movant. Although Movant appears to argue of a delay in bringing him to trial, a review of procedural history of the underlying criminal action clearly refutes such a finding. The Fourth Circuit has recognized that dismissal of an indictment with prejudice is a "harsh remedy" because "the court allows its interest in the orderly administration of justice to override the interests of the victims and the public interest in the enforcement of the criminal law." *Goodson*, 204 F.3d at 515-16. Thus, a court may only dismiss an indictment with prejudice if a defendant establishes that he has suffered prejudice. *Id.*; *United States v. Voll*, 2006 WL 1831503, * 4 (S.D.W.Va. July 3, 2006)(J. Copenhaver)("As Goodson indicates, dismissal with prejudice is warranted only when prejudice is shown.") There is no indication of prejudice to Movant that would justify dismissal with prejudice pursuant to Rule 48(b).

Motion. It is undisputed that Movant was not convicted or sentenced in this District. Although Movant was indicted in this District, the Indictment was subsequently dismissed without prejudice. Thus, there is no conviction or sentence imposed in this District for Movant to challenge.[3] Based upon the foregoing, the undersigned respectfully recommends that Movant's Section 2255 Motion (Document No. 68) be dismissed.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Section 2255 Motion to Vacate Conviction (Document No. 68) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[3] Movant is currently serving a sentence imposed by the Superior Court of the District of Columbia for being a felon in possession of a firearm, carrying a dangerous weapon, and possession of a destructive device. The Superior Court of the District of Columbia sentenced Movant to 252 months for the above offenses. According to the Pretrial Report, Movant is not eligible for release until August 2027. (Criminal Action No. 5:21-00214, Document No. 11.)

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L.Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: March 29, 2024.

Omar J. Aboulhosn
United States Magistrate Judge